IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04cv80

| | |
|---|---|
| MARGARET T. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM AND |
| Vs. | ) RECOMMENDATION |
| | ) |
| SUN LIFE ASSURANCE | ) |
| COMPANY OF CANADA; | ) |
| GREER LABORATORIES, INC.; | ) |
| GREER LABORATORIES, INC. | ) |
| EMPLOYEE LONG TERM | ) |
| DISABILITY PLAN; PLAN | ) |
| ADMINISTRATOR OF THE | ) |
| GREER LABORATORIES, INC. | ) |
| LONG TERM DISABILITY PLAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the court upon defendant Sun Life Assurance Company of Canada's (hereinafter "defendant") Motion to Dismiss. Having carefully considered defendant Sun Life Assurance Company of Canada's Motion to Dismiss and reviewed the pleadings, including plaintiff's response and defendant's reply, the court enters the following findings, conclusions, and Recommendations.

## FINDINGS AND CONCLUSIONS

**I.    Defendant's Rule 12(b)(6) Motion is Not Timely**

While not raised in plaintiff's response to defendant's Motion to Dismiss, it appears to the court from the face of the docket that defendant's Motion to Dismiss, citing Rule 12(b)(6), Federal

Rules of Civil Procedure, is untimely as a matter of law. On June 1, 2004, defendant filed its Answer with this court and therein failed to assert a defense under Rule 12(b)(6). See Docket Entry 4. Because such Answer caused issues to join, the court entered a Pretrial Order and Case Management Plan on October 6, 2004. See Docket Entry 16. On November 1, 2004, defendant filed the instant Motion to Dismiss under Rule 12(b)(6). Rule 12(b)(6) provides, in pertinent part, as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. **A motion making any of these defenses shall be made before pleading if a further pleading is permitted.**

Fed. R. Civ. P. 12(b)(6) (emphasis added). Because defendant failed to assert such motion before filing a responsive pleading, here five months later, the Motion to Dismiss is untimely.

As a corollary to Rule 12(b)(6), an exception exists that saves an untimely Rule 12(b)(6) motion. Rule 12(h)(2) provides, in relevant part, as follows:

> defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Fed. R. Civ. P. 12(h)(2). Where a Rule 12(b)(6) motion is untimely, a court may convert it into one under Rule 12(c). Savina v. Gebhart, 497 F.Supp. 65, 68 (D.Md. 1980). Converted to a motion for judgment on the pleadings, Rule 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the

court, the motion shall be treated as one for summary judgment and disposed of as
provided in Rule 56, and all parties shall be given reasonable opportunity to present
all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). The issue of whether matters have been presented outside of the pleadings requiring conversion to summary judgment is addressed *infra*.

## II.     The Missing Copy of the Plan as Exhibit A to Its Motion to Dismiss

The court has closely reviewed defendant's Answer, Motion to Dismiss, and Memorandum in Support, and can find no Plan attached as Exhibit A. Inasmuch as plaintiff addressed the substance of the Plan in its response, the court has assumed that it was attached to plaintiff's service copy and that the missing document is a clerical error. To correct that error, counsel for defendant was contacted and asked to submit a copy of the Plan by facsimile and by way of a supplemental filing.

## III.    Procedural History and Factual Background

On March 26, 2004, plaintiff filed this action in the North Carolina General Court of Justice, Superior Court Division, Burke County, asserting state-law claims against defendant for breach of contract, breach of a duty of good faith and fair dealing, unfair and deceptive trade practices, and, in the alternative, a claim for benefits under the Employee Retirement Income Security Act of 1974 ( hereinafter "ERISA"). Plaintiff also alleged an additional claim against other defendants - - - the "ERISA Penalty Claim" - - for alleged failure to provide her with plan documents. On May 4, 2004, all defendants timely removed this matter from state court to this court based on the presence of a federal question under ERISA.

The following facts have been drawn from the Complaint[1] and will be considered as true for

---

[1]     Citations to paragraphs of the Complaint omitted for brevity.

the limited purpose of disposing of defendant's Motion to Dismiss, which the court has converted into a motion for judgment on the pleadings. Plaintiff was an employee of defendant Greer Laboratories, Inc. (hereinafter "Greer Labs") from 1984 through February 11, 2000. Beginning in 1997, plaintiff began experiencing back pain, underwent back surgery in 1999, and in 2000 resigned her position citing back pain as her reason for leaving. Immediately before resigning from Greer Labs, she served as the Vice President of Administration.

While employed with Greer Labs, plaintiff participated in the Greer Laboratories, Inc. Long Term Disability Plan (hereinafter "LTD Plan") and was enrolled in the LTD Plan at the time she left Greer Lab's employment. In essence, the LTD Plan provides monthly benefits to participants who are disabled and meet other criteria, all of which are defined by the LTD Plan.

After leaving Greer Labs, plaintiff filed a claim on May 5, 2000, which was denied. Plaintiff appealed the denial on October 12, 2000, and submitted additional medical information and arguments in support of her claim on December 28, 2000. The initial determination denying plaintiff's claim was affirmed March 28, 2001. Plaintiff filed this action on March 26, 2004.

Defendant contends that the state-law claims should be dismissed as preempted by ERISA and that the ERISA action is time barred based on a contractual three-year period of limitation based on a contractual accrual date, all provided in the LTD Plan. Defendant asserts that the limitations period ran approximately seven months prior to the initiation of this action.

Plaintiff contends that it is improper under Rule 12, Federal Rules of Civil Procedure, and therefore improper under Rule 12(c), for this court to consider the text of the Plan, which plaintiff did not attach to her Complaint, but which defendant submitted in support of its Motion to Dismiss. Further, plaintiff argues that it is improper for an ERISA plan to contractually alter an accrual date

because when a federal action accrues is a matter of federal law.

## IV. Standard

Defendant has moved for dismissal pursuant to Rule 12(b) contending that the state-law claims against it are preempted and that the federal claim is time barred. The court has converted this motion to one for judgment on the pleadings under Rule 12(c). The standard for ruling on a motion for judgment on the pleadings is well settled. The moving party has the burden of clearly establishing that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law. King v. Gemini Food Services, Inc., 438 F. Supp. 964 (E.D. Va. 1976), aff'd, 562 F.2d 297 (4th Cir. 1977), cert. denied, 434 U.S. 1065 (1978). All well-pleaded allegations of the complaint are taken as true and admitted. Felder v. Great American Ins. Co., 260 F. Supp. 575 (D.S.C. 1966). In Madonna v. United States, 878 F.2d 62 (2d Cir. 1989), the appellate court held:

> [In] evaluating a Rule 12(c) motion, the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. The court must also take "the well-pleaded material facts alleged in the complaint . . . as admitted," and may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Id. (citations omitted). A motion for judgment on the pleadings is well taken where there is no material issue of fact and the movant is entitled to a judgment as a matter of law. Bruce v. Riddle, 631 F.2d 272 (4th Cir. 1980). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the Complaint and has viewed them in a light most favorable to plaintiff.

## V. Preemption of State Law Claims

Defendant first contends that all state-law claims are preempted under ERISA. The United States Supreme Court has determined that preemption may occur in the following three situations:

(1) express preemption, where Congress states its intent to do so;

(2) inferred preemption, where Congress has so pervasively regulated the field that there is no room left for states to supplement federal law; and

(3) conflict preemption, where state law is in actual conflict with federal law.

California Fed. Sav. and Loan Assn. v. Guerra, 479 U.S. 272 (1987). In Griggs v. DuPont, 237 F.3d 371 (4th Cir. 2001), the Court of Appeals for the Fourth Circuit found that to determine whether ERISA preempts state common-law claims, courts are required to look to the four corners of the state-law complaint for a factual determination of the nature of a plaintiff's claim, rather than any label the plaintiff may have put on their claim. Id., at 379.

In Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983), the Supreme Court held that a state cause of action "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Id. at 96-97. Preemption applies even where such a law "'is not specifically designed to affect such plans, or the effect is only indirect.'" District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 129-30 (1992)(quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)). What must be present is a nexus between the claim made and the plan, and that nexus must not be too tangential. Smith v. Dunham-Bush, Inc., 959 F.2d 66, 9 (2nd Cir. 1992).

Under ERISA, a state-law claim is preempted where: (1) the claim is premised upon the existence of a plan, and plaintiff must plead and prove a plan exists in order to prevail; or (2) the claim directly conflicts with an ERISA cause of action. Ingersol-Rand Co., at 140 & 142.

In order for plaintiff herein to prevail on any of her claims, she would have to prove that a plan exists, she is a participant in such plan, and she is entitled to benefits under the plan. Griggs v. DuPont, supra, at 378. All of plaintiff's state-law claims have a nexus to the ERISA claim and must, therefore, be dismissed as preempted.

## VI. Timeliness of Plaintiff's ERISA Claim

Defendant next contends that the remaining claim against it under ERISA is time barred due to the contractual three-year period of limitation and accrual date, all provided by the LTD Plan. In response, plaintiff first contends that it is inappropriate to consider this issue on a motion to dismiss, inasmuch as matters outside the pleadings have been submitted to the court, i.e., the LTD Plan documents. Plaintiff's argument is equally applicable to a motion for judgment on the pleadings. Even if the issue could be considered, plaintiff argues, an ERISA plan cannot alter an accrual date because determination of when a federal cause of action accrues is a matter of federal law. The undersigned can find no support for either argument of plaintiff.

### A. Consideration of the Plan

Turning first to the issue of whether it is proper to consider the text of the ERISA plan in support of a motion to dismiss or motion for judgment on the pleadings, courts have held that as

> a general rule, in the context of a motion to dismiss under Rule 12(b), the court may not consider matters outside the pleadings without converting the motion to dismiss into a motion for summary judgment. Gay v. Wall, 761 F.2d 175, 178 (4th Cir.1985). However, the court may consider dispositive documents that are either attached to, or referenced in, the complaint. Moore v. Flagstar Bank, et al., 6 F.Supp.2d 496 (E.D.Va.1997) (citing 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)).

Hanover Ins. Co. v. Corrpro Companies, Inc. 312 F.Supp.2d 816, 820 (E.D.Va.2004). In the context of considering plan documents in support of motions to dismiss in ERISA matters, one court noted that

notwithstanding Mers' failure to attach a copy of the Plan to her Complaint, this Court properly considers the Plan's language and provisions in resolving Defendants' motion to dismiss:

> Although courts are generally not to consider documents outside the pleadings under Federal Rule of Civil Procedure 12(b), Rule 10(c)provides that "[a] copy of any written instrument which is an exhibit to a pleading is apart thereof for all purposes." Fed. R. Civ. Pro. 1(c). Rule 10(c), which is permissive in nature, means that although a plaintiff is not obligated to attach documents to the complaint, "a defendant may introduce certain pertinent documents if the plaintiff failed to do so." Venture Assocs. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). A court may consider a document as a part of the pleadings if the plaintiff has referred to the document in his complaint and the document is central to the plaintiff's claim. *Id.* Eret v. Continental Holding, Inc., 838 F. Supp. 358, 362 (N.D. Ill. 1993); see also Marks v. CDW Computer Centers, Inc., 901 F. Supp. 1302, 1309-10 (N.D. Ill. 1995).

Mers v. Marriott Intern. Group Accidental Death and Dismemberment Plan, 1996 WL 219701, at 3 (N.D.Ill.1996).

In this case, review of the Complaint reveals that plaintiff has referred to the LTD Plan in numerous paragraphs. Without doubt, the LTD Plan is referenced by the Complaint and is "central to the plaintiff's claim" and is most appropriate for consideration without the requirement of conversion of this matter to one for summary judgment.

### B. Timeliness of the Complaint

Turning to the LTD Plan, the plain language of the plan provides in pertinent part that "[n]o legal action may start . . .more than three years after the time Proof of Claim is required." LTD Plan, at 38. In turn, a "Proof of Claim" is due to be submitted "no later than 90 days after the end of the Elimination Period," id., at 40, which is also 90 days. Id., at 6. According to the terms of the LTD Plan, plaintiff's action accrued 180 days after her employment at Greer Labs was terminated on February 11, 2000 (the date plaintiff contends her condition prohibited her from continuing her

8

work), making August 9, 2000, the date of accrual.

Contractual limitations periods have long been held lawful as long as they are reasonable. Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 608 (1947). Clearly, a contractual three year limitation of action is reasonable inasmuch as other courts have found 45 day, 90 day, and one year periods reasonable. Davidson v. Wal-Mart Assoc. Health and Welfare Plan, 305 F.Supp. 2d 1059 (S.D. Iowa 2004); Northlake Reg'l Med. Ctr. V. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301 (11th Cir. 1998); Koonan v. Blue Cross & Blue Shield of Virginia, 802 F.Supp. 1424 (E.D. Va. 1992).

The parties have, quite properly, focused on the issue of whether an accrual date can be determined contractually or whether the setting of an accrual date in ERISA plans is exclusively a matter of federal legislative or common law. In the context of ERISA, the Court of Appeals for the Fourth Circuit has held that

> [a]n ERISA cause of action does not accrue until a claim of benefits has been made and formally denied. To hold otherwise would require lay participants and beneficiaries to be constantly alert for "errors or abuses that might give rise to a claim and start the statute of limitations running." It also would burden the judicial system with multiple and premature actions.

Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989)(citations omitted). In Rodriguez, however, no accrual date was provided in the ERISA plan.

While the parties are correct that the Fourth Circuit has yet to directly address the specific issue of whether contractually setting an accrual date is lawful under ERISA, the court's research reveals that the Court of Appeals for the Fourth Circuit has passed on and let stand a contractual accrual in an ERISA plan, which is strikingly similar to the contractual accrual and period of limitation at issue here:

9

> We are equally unpersuaded by Pan American's argument that Yarde failed to file suit in the South Carolina courts in a timely fashion. The insurer's Benefit Plan states that "[no action shall] be brought at all unless brought within three years from the expiration of the time within which proof of loss is required to be furnished."

Yarde v. Pan American Life Insurance Co., 67 F.3d 298 (Table), 1995 WL 539736, at 7 (4th Cir. 1995) (copy placed in case file)(*reversing in part* Yarde v. Pan American Life Insurance Co., 840 F.Supp. 406 (D.S.C. 1994)). In Yarde, both the district and appellate court used and implicitly approved the contractual accrual and limitation period in determining that Yarde had filed a timely civil action. While the appellate court's decision in Yarde is unpublished, it appears clear that neither the district nor the appellate court had any legal concern with running a period of limitations from a contractual accrual date as opposed to accrual created by federal common law. The court notes that the author of Yarde, the late Honorable Samuel J. Ervin, III, Chief Judge of the United States Court of Appeals, was also on the earlier Rodriguez panel.

Beyond Yarde, the issue of contractual accrual in the context of ERISA appears, as the parties point out, unaddressed in the Fourth Circuit; however, the appellate court's implicit approval of contractual accrual in Yarde is consistent with a number of well reasoned decisions of other appellate and district courts, which have found that accrual dates which run from the deadline for proof of loss to be both reasonable and enforceable. See Doe v. Blue Cross Blue Shield United of Wisconsin, 112 F.3d 869 (7th Cir. 1997); Clark v. NBD Bank, N.A., 3 Fed. Appx. 500 (6th Cir. 2001); Moore v. Berg Enters., 1999 U.S. App. Lexis 30481 (10th Cir. 1999); McDuffie v. Flowers Hosp., Inc., 2001 U.S. Dist. Lexis 1182 (S.D. Ala. 2001). The undersigned finds that based on Yarde and the decisions of other circuits, contractual accrual is appropriate under ERISA where the date is reasonable. Here, the accrual date is 180 days from the date plaintiff contends her condition became disabling; it mirrors the accrual date used in standard contracts of insurance; and, coupled

with a contractual three year period of limitation, provides the beneficiary of the policy with ample time to either protect and assert her rights herself or employ counsel. From the face of the plaintiff's Complaint, it is apparent that plaintiff failed to file this civil action within the time limitations provided by the policy.

### C.  Proposed Extended Filing Period

Plaintiff next argues that even if she missed the limitation period based on an August 9, 2000, accrual, her action should be deemed timely because the policy provides an exception for extending the time "if it is not possible to give proof within these time limits, it must be given as soon as reasonably possible." Plaintiff's actual filing of her claim on May 5, 2000, belies her reliance on the plan's impossibility clause. Again, reference can be made to Yarde where plaintiff's failure to file a timely complaint was excusable, because the district court "properly interpreted the insurance policy as "provid[ing] for a reasonable period of time to furnish proof of loss when circumstances frustrate a claimant's efforts." Yarde, 1995 WL, at 8. In this case, not only was plaintiff able to submit a proof of loss within the time allowed, she was further able to supplement her claim and perfect an appeal of the initial denial, all within calendar year 2000.

### D.  Statutory Period for Submitting a Proof of Loss

Finally, plaintiff appears to argue that her suit was timely filed under a theory that Chapter 58-51-15(a)(7) of the North Carolina General Statutes provides that a proof of loss is not due until "90 days after the termination period for which the insurer is liable." Plaintiff's Response, at 10 (quoting N.C. Gen. Stat. § 58-51-15(a)(7)).[2] This provision is facially inapplicable to plaintiff because she has never been determined to have a qualifying disability that would entitle her to

---

[2]  Chapter 58-51-15(a)(7) was amended effective July 1, 2001, to increase the period from 90 to 180 days. This claim precedes the effective date.

"periodic payment[s] contingent upon continuing loss." Plaintiff's claim is not that defendant has cut off payments improperly, which is what the statute addresses; rather, her claim is that defendant improperly denied liability for her claim in the first instance.

Under plaintiff's theory, the limitation on her action would not expire until the expiration date of the policy. Such a reading is well beyond the North Carolina statute, would render the contractual limitation meaningless, and would also render meaningless default accrual dates and limitation periods found at federal common law. The only reading of the state statute that is harmonious with federal law and common sense is that North Carolina's 90 day period (now 180 days) within which to file a claim, followed by what is best described as a rolling three year period of limitation under Chapter 58-51-15(a)(11), is contingent upon assumption of a liability by the insurer followed by the denial of a periodic payment to the insured based on that liability.

### E. Equitable Tolling

Finally, the undersigned can find no basis for tolling, equitable or otherwise, inasmuch as plaintiff alleges at paragraph 28 of her Complaint that she was represented by counsel as early as October 2000 as to her claim for benefits. The undersigned finds that plaintiff's claims against this defendant are time barred, and will respectfully recommend to the district court that defendant's Motion to Dismiss, converted to a motion for judgment on the pleadings, be granted inasmuch as there are no material issues of fact and this defendant is entitled to judgment as a matter of law.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Sun Life Assurance Company of Canada's Motion to Dismiss (#16) be converted to a motion for judgment on the pleadings, and that such motion be **ALLOWED**.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (10) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

This 5th day of January, 2005.

_____
**DENNIS L. HOWELL**
**UNITED STATES MAGISTRATE JUDGE**

United States District Court
for the
Western District of North Carolina
January 7, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re:   1:04-cv-00080

True and correct copies of the attached were mailed by the clerk to the following:

    Charles McBrayer Sasser, Esq.
    Cox, Gage & Sasser
    1011 East Morehead St.
    Suite 350
    Charlotte, NC   28204

    J. Nicholas Ellis, Esq.
    Poyner & Spruill, L.L.P.
    P.O. Box 353
    Rocky Mount, NC   27802-0353

    David L. Woodard, Esq.
    Poyner & Spruill
    One Wachovia Center
    301 South College St.
    Suite 2300
    Charlotte, NC   28202-4010

    Anuja G. Purohit, Esq.
    Poyner & Spruill
    P. O. Box 10096
    Raleigh, NC   27605-0096

    Susan J. Rader, Esq.
    225 Hillsborough St.
    Suite 250
    Raleigh, NC   27608

    David E. Constine, Esq.
    Mays & Valentine
    Sovran Center
    1111 E. Main Street
    P.O. Box 1122
    Richmond, VA   23218-1122

    Ashley S. Story, Esq.
    Troutman Sander LLP
    225 Hillsborough St.
    Suite 250
    Raleigh, NC   27603

Andrew P. Sherrod, Esq.
Troutman Sanders
P.O. Box 1122
Richmond, VA  23218-1122

cc:
Judge                         (✓)
Magistrate Judge              (✓)
U.S. Marshal                  ( )
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Court Reporter                ( )
Courtroom Deputy              ( )
Orig-Security                 ( )
Bankruptcy Clerk's Ofc.       ( )
Other_____          ( )

Date: _1-7-05_

Frank G. Johns, Clerk

By: _____
    Deputy Clerk