IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV80

| | | |
|---|---|---|
| MARGARET T. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| SUN LIFE ASSURANCE COMPANY OF | ) | |
| CANADA; GREER LABORATORIES, INC.; | ) | |
| GREER LABORATORIES, INC. EMPLOYEE | ) | |
| LONG TERM DISABILITY PLAN; PLAN | ) | |
| ADMINISTRATOR OF THE GREER | ) | |
| LABORATORIES, INC. LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court on the Plaintiff's objections to the Magistrate

Judge's Memorandum and Recommendation converting the Defendant Sun Life Assurance

Company of Canada's motion to dismiss to a motion for judgment on the pleadings, and granting

the motion.


I. FACTUAL AND PROCEDURAL HISTORY

On March 26, 2004, the Plaintiff filed this action in the General Court of Justice, Superior

Court Division of Burke County, North Carolina, asserting against the Defendant Sun Life

Assurance Company of Canada ("the Defendant" or "Sun Life") state law claims for breach of

contract, breach of duty of good faith and fair dealing, and unfair and deceptive trade practices,

and "alternative" federal claims for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plaintiff also asserted an ERISA penalty claim against the other Defendants for the failure to provide her with plan documents. The matter was removed to this Court on May 5, 2004, based on federal question jurisdiction over the Plaintiff's ERISA claims.

On November 1, 2004, Sun Life filed a motion to dismiss, arguing that the Plaintiff's state law claims were preempted by ERISA and the ERISA claim was untimely under the statute of limitations period and accrual date as provided by the provisions of the plan documents. The Plaintiff filed a timely response to the motion to dismiss, and Sun Life filed a reply. On January 7, 2005, United State Magistrate Judge Dennis Howell entered a Memorandum and Recommendation, converting Sun Life's motion to dismiss to a motion for judgment on the pleadings, and granting the motion. The Plaintiff filed her objections to the Magistrate's Memorandum and Recommendation on January 20, 2005.

## II.  STANDARD OF REVIEW

A district court is to conduct a *de novo* review of those portions of a Magistrate Judge's memorandum and recommendation to which specific objections by a party have been made. ***Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).** The Court will not address a party's general objections to a memorandum and recommendation because such objections have "'the same effect as would a failure to object . . . making the initial reference to the magistrate useless.'" ***Id.* (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)).** The Court will also carefully review all other portions of the memorandum and recommendation. ***Id.***

The Plaintiff has specifically objected to the Magistrate Judge's recommendation that judgment on the pleadings be granted in favor of Sun Life on the grounds that the Plaintiff failed to file the claim within the time limits provided by the policy. A motion for judgment on the pleadings should only be granted where "accepting all well pleaded allegations in the [non-moving party's pleadings] as true and drawing all reasonable factual inferences from those facts in [that party's] favor, it appears certain that the [non-moving party] cannot prove any set of facts in support of [her] claim entitling [her] to relief." ***Volvo Trademark Holding Aktiebolaget v. CLM Equip. Co., Inc.***, 236 F.Supp.2d 536, 540 (W.D.N.C. 2002), *aff'd in part, vacated in part on other grounds*, 386 F.3d 581 (4th Cir. 2004) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *United States v. 328 Pounds More or Less, of Wild American Ginseng*, 347 F.Supp.2d 241, 244 (W.D.N.C. 2004).

### III. DISCUSSION

The issue before the Court is whether the accrual date of the statute of limitations for an ERISA action may be set by the terms of a policy. ERISA does not articulate a statute of limitations period or accrual date, except for breach of fiduciary duty claims. ***Shofer v. Hack Co.***, 970 F.2d 1316, 1319 (4th Cir. 1992). In determining the appropriate statute of limitations period for other claims, a court is to borrow the limitations period from the most analogous claim under state law.[1] *Id.* Furthermore, contractual agreed upon limitation periods, which may differ

---

[1]The Fourth Circuit has held that for ERISA actions regarding a denial of benefits, the most analogous claim under state law is breach of contract. Breach of contract claims under North Carolina law have a three year statute of limitations. Regardless, the ERISA plan in the case at bar has also articulated a limitations period of three years, which the Court deems reasonable, and thus, will be applied.

from analogous state law limitation periods, are permitted where reasonable. ***Koonan v. Blue Cross & Blue Shield of Virginia*, 802 F. Supp. 1424 (E.D. Va. 1992).** Therefore, a provision in an ERISA policy setting a statute of limitations period is enforceable, as long as it is reasonable.

In contrast, the accrual date of the limitations period is generally determined with regard to federal law. ***Bryant v. Food Lion Inc.*, 100 F.Supp.2d 346, 377 n.140 (D.S.C. 2000),** *aff'd*, **8 Fed. Appx. 194 (4th Cir. 2001) ("Federal law determines the accrual date of a statute of limitations in ERISA cases even though state law is the basis for the statute of limitations applied.") (citing *Michigan United Food & Com. Workers v. Muir Co.*, 992 F.2d 594, 597 (6th Cir. 1993)) .** The Fourth Circuit has held that "[a]n ERISA cause of action does not accrue until a claim for benefits has been made and formally denied." ***Rodriguez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir. 1989).** Sun Life argues that despite this rule, contractually agreed upon accrual dates, like limitations periods, are permissible where reasonable.[2] Therefore, the Defendant argues that a provision in an ERISA plan setting the accrual date for the statute of limitations prior to the date the participant's claim was formally denied, is enforceable if reasonable.

To the Court's knowledge, this specific issue has not been addressed by the Fourth Circuit. The Court notes that the Fourth Circuit has, in one case, implicitly approved of and used a contractually set accrual date in calculating the appropriate statute of limitations for an ERISA claim.[3] ***See, Yarde v. Pan Am. Life Ins. Co.*, 67 F.3d 298 (table), 1995 WL 539736, at * 7 (4th**

---

[2]In support, Sun Life observes that the ERISA plan in *Rodriguez* did not articulate an accrual date, and therefore, the issue was not before the Fourth Circuit at that time.

[3]Sun Life has also presented to the Court, in a notice of subsequently decided authority, the Fourth Circuit's recent opinion in *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222 (4th Cir.

**Cir. 1995).**  However, the Court believes *Yarde* is not dispositive of this issue.  In *Yarde*, the

plaintiff did not argue that a different accrual date should be used, and therefore, the Circuit did

not consider the issue on appeal.   Furthermore, the Circuit ultimately determined that the

plaintiff's action was timely filed using the earlier accrual date included in the plan, and thus the

action would also have been timely filed had the later date benefits were formally denied been

used.  ***Id.*, at \*7-8.**  Given that no discussion of the proper accrual date was given by the Court

and the issue did not affect the outcome of the case, this Court does not believe that *Yarde* stands

for the proposition that contractually set accrual dates are permissible.

Similarly, other cases presented by Sun Life in which courts have used contractually set

accrual dates, are unpersuasive.  In each of the cases, the issue of whether the parties may

contractually set an accrual date other than the date benefits were formally denied was not before

the court.  ***See Clark v. NBD Bank*, 3 Fed. Appx. 500 (6th Cir. 2001); *Moore v. Berg Enter.,**

***Inc.*, 201 F.3d 448 (table), 1999 WL 1063823 (10th Cir. 1999); *Doe v. Blue Cross v. Blue**

***Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997); *McDuffie v. Flowers Hospital, Inc.*,**

**2001 WL 102398 (S.D. Ala. 2001),** *aff'd*, **33 Fed. Appx. 991 (11th Cir. 2002).**  Instead, each

court, without discussion or consideration of an alternate accrual date and without noticeable

objection by any of the plaintiffs, simply accepted the use of the contractually set accrual date in

---

2005).  In *Gayle*, the Fourth Circuit enforced contractually agreed upon accrual dates and periods
within which a plan participant may commence an *internal* appeal with the provider regarding a
benefit determination.  ***Id.*, at 226.**  The Court determined that under federal regulations, plan
providers were authorized to establish and limit periods within which internal administrative
appeals may be pursued.  ***Id.***  The Court also addressed circumstances justifying the "equitable
tolling" of limitation periods. ***Id.*, at 228.**  However, the Court did not address the propriety of
contractually agreed upon accrual dates for filing legal claims in state or federal court and,
therefore, the decision is not controlling on the issue before the Court.

determining whether the claim before it was timely filed. The Court has been unable to find, and has not been presented with any case by the parties, in which the issue was specifically addressed by a court and that court subsequently found the contractually set accrual date was permissible. In contrast, the Court is aware of numerous district courts and one court of appeals which have explicitly examined the issue, and concluded that, regardless of the accrual date articulated by the plan, the proper accrual date for an ERISA action is the date on which benefits were formally denied. *See, e.g., Price v. Provident Life & Accident Ins. Co.*, 2 F.3d 986 (9th Cir. 1993); *Lowry v. Aetna Life Ins. Co.*, 1996 WL 529211, at *4 (S.D.N.Y. 1996); *de Coninck v. Provident Life & Accident Ins. Co.*, 747 F. Supp. 627 (D. Kan. 1990).

The Court agrees with the reasoning of the latter decisions, and determines that the accrual date for the statute of limitations of an ERISA action is the date benefits are formally denied, regardless of plan provisions to the contrary. If the Court were to instead apply the accrual date found in the provisions of the plan, the Plaintiff here would have three years from the date the proof of loss was required to be filed to initiate her legal claim. Under well settled law, however, a plaintiff is not permitted to file a claim until she has exhausted all administrative remedies, *see Gayle, supra,* and a plaintiff will not be deemed to have exhausted all of her administrative remedies until the appeal of her initial benefit determination has been formally denied. *See Williams v. Ironworkers Local No. 16 Pension Fund*, 2005 WL 1076133 (D. Md. 2005). Therefore, if the contractually set accrual date were applied, there would exist a period of time between the Plaintiff's filing of a proof of loss and the time in which her benefits are formally denied during which the statute of limitations is running, but she is unable to file a claim. The Court believes this particular application of contractually set accrual dates

demonstrates the impropriety of the Defendant's argument.  The use of contractually set accrual dates would compress the time period within which a plan participant may actually file a legal claim.  This compression is also exacerbated given the complicated and time consuming nature of ERISA administrative appeals processes.  ***See, Lowry, supra* (noting any "delays in appealing to the insurer a denial of benefits would shorten the limitations period").**  Though somewhat unlikely, if the period of time to exhaust administrative remedies was extremely protracted, using the contractually set accrual date could result in a complete loss of the ability to file a claim under the terms of the plan.  ***Id.***

In the same manner, the Court believes that permitting contractually set accrual dates also opens the process up to potential abuse by plan providers.  Plan providers could intentionally set early accrual dates while delaying the formal denial of benefits, severely compressing the opportunity within which a beneficiary may file a suit regarding her benefits.  ***See Price, supra*, at 988 (noting that permitting contractually set accrual dates would "allow the insurer to simply bury a denial of coverage and wait for the statute of limitations to run.")  *Lowry, supra* (noting an "insurer could delay denial of benefits and drastically reduce a beneficiary's time to bring suit").**

Limiting a beneficiary's access to the courts and creating opportunities for abuse by plan providers in such a way is also inconsistent with Congress' expressed intentions in creating ERISA.  ERISA was instead intended to "protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . [and provide] for appropriate remedies, sanctions, and ready access to courts."  **29 U.S.C. § 1001(b); *see also, Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 190 (4th Cir. 2002) (citations omitted).**  Congress also

intended for ERISA to alleviate plan participants of procedural obstacles as would arise here. ***Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 343 (D.C. Cir. 1991) (noting "Congress' intent in ERISA [is] to provide "broad remedies" and "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective . . . recovery of benefits due to participants." (quoting S.Rep. No. 127, 93d Cong., 1st Sess. 35 (1973), U.S. Code Cong. & Admin. News 1974, pp. 4639, 4871)); *Lowry, supra* (citing *Hallmark, supra*).** The Court believes that contractually set accrual dates would only create additional procedural obstacles preventing participants access to the courts.

The Court also believes this holding is consistent with the general rule which establishes that federal law determines when the statute of limitations period accrues. Under the general rule, the accrual date is the "point in time when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." ***Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977).** With regard to ERISA actions, the plan participant has not suffered an injury until she has exhausted her administrative appeals and has been formally denied benefits. ***See Price, supra.*** Until that point, if the plan provider pays the plan participant's claims in full, the participant will not have a legal claim against the provider.

Therefore, while the Court has great respect for freedom of contract, in ERISA cases such as the one at bar, the Court believes that the parties may not contractually set an accrual date for the statute of limitations other than the date benefits are formally denied to the plan participant. In this case, the Plaintiff filed her claims within three years of the date her benefits were formally denied. The Plaintiff's claims are, therefore, not time-barred, and Sun Life's motion to dismiss is denied.

Because the Court has determined that the Plaintiff's claims were timely, the Court need not address the Plaintiff's additional objections to the Magistrate Judge's memorandum and recommendation arguing the claims were timely under alternative grounds.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Sun Life's motion for judgment on the pleadings regarding Plaintiff's ERISA claims, on the grounds that said claims are untimely under the statute of limitations, is **DENIED.**

As stated in the Court's previous Order, the parties shall file their dispositive motions on or before 30 days from entry of this Order. **Order, filed May 31, 2005.** If a trial is necessary in this case, it will be scheduled during the Court's November 2005 mixed civil and criminal term beginning November 14, 2005.

**Signed: August 11, 2005**

Lacy H. Thornburg
United States District Judge