**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:04CV80**

**MARGARET T. WHITE,**

**Plaintiff,**

**vs.**

**SUN LIFE ASSURANCE COMPANY OF CANADA; GREER LABORATORIES, INC.; GREER LABORATORIES, INC. EMPLOYEE LONG TERM DISABILITY PLAN; PLAN ADMINISTRATOR OF THE GREER LABORATORIES, INC. LONG TERM DISABILITY PLAN,**

**Defendants.**

**ORDER**
**CLARIFYING AND AMENDING MEMORANDUM AND ORDER FILED AUGUST 11, 2005**

**THIS MATTER** is before the Court on motion of Defendant Sun Life Assurance Company (Sun Life) for clarification of the Court's Memorandum and Order filed August 11, 2005.

The Plaintiff initially filed this action in the General Court of Justice, Superior Court Division of Burke County, North Carolina, and asserted against Sun Life state law claims for breach of contract, breach of duty of good faith and fair dealing, and unfair and deceptive trade practices, and "alternative" federal claims for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plaintiff also asserted ERISA penalty claims against the other Defendants.

Sun Life moved to dismiss the state law claims as preempted by ERISA, and the ERISA claims as untimely. The Magistrate Judge issued a Memorandum and Recommendation on January 7, 2005, converting Sun Life's motion to dismiss to a motion for judgment on the pleadings, and recommended the motion be allowed.

On January 20, 2005, the Plaintiff filed a timely objection, specifically objecting only to the recommendation that the Plaintiff's ERISA claim be dismissed as untimely. The Court, after a *de novo* review, denied Sun Life's motion for judgment on the pleadings as to Plaintiff's ERISA claims, finding that the claims were timely filed. The Plaintiff did not specifically object to the recommendation that her state law claims were preempted by ERISA and the Court's opinion did not address this part of the memorandum and recommendation. Sun Life now moves the Court for clarification as to whether or not the Magistrate Judge's recommendation that judgment be granted for Sun Life on Plaintiff's state claims on the grounds that they are preempted by ERISA was adopted by the Court.

As stated by the Court in the Memorandum and Order filed August 11, 2005, when reviewing an objection to a Magistrate Judge's memorandum and recommendation, the Court need only conduct a *de novo* review of those portions to which specific objections have been made. ***Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).** Instead, the Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." ***Diamond v. Colonial Life*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)).**

When the August 11, 2005, Memorandum and Order, was entered, the Court reviewed those portions of the Magistrate Judge's Memorandum and Recommendation to which no

specific objection was made by the Plaintiff. The Court found no clear error on the face of the record, and therefore, the Magistrate Judge's recommendation that judgment be granted for Sun Life on Plaintiff's state law claims was accepted by the Court.

**IT IS, THEREFORE, ORDERED** that the Defendant Sun Life's motion for clarification is **ALLOWED**, and the Court's Memorandum and Order filed August 11, 2005, is hereby amended as follows.

**IT IS, THEREFORE, ORDERED** that Defendant Sun Life's motion for judgment on the pleadings is **ALLOWED IN PART AND DENIED IN PART**; the motion as to the Plaintiff's ERISA claims, on the grounds that said claims are untimely under the statute of limitations, is **DENIED**; the motion as to the Plaintiff's pendant state claims as being preempted by ERISA is **ALLOWED**, and the same are hereby **DISMISSED WITH PREJUDICE.**

**Signed: September 9, 2005**

Lacy H. Thornburg
United States District Judge